Case: 1:26–cv–02343
Assigned To : AliKhan, Loren L.
Assign. Date : 6/29/2026
Description: TRO/Prelim. Inj. (D–DECK)

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**GEORGE MORAKIS,**

Plaintiff,

v.

**MARCO RUBIO, in his official capacity as Secretary of State of the United States,**

Defendant.

Civil Action No. _____

# COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## I. JURISDICTION

The court has subject-matter jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States **28 U.S.C. § 1331** (Federal Question Jurisdiction). The court has original jurisdiction over actions in the nature of mandamus to compel a federal officer or employee to perform a duty owed to the plaintiff. **28 U.S.C. § 1361 (Mandamus Act)**. The APA authorizes judicial review of certain final agency actions and provides standards for review. **5 U.S.C. §§ 701–706 (Administrative Procedure Act). 28 U.S.C. §§ 2201–2202 (Declaratory Judgment Act)** authorize declaratory relief where jurisdiction already exists. The Court further possesses subject-matter jurisdiction over Plaintiff's constitutional claims arising under the Constitution of the United States.

## II. VENUE and PARTIES

Under **28 U.S.C. § 1391(e)**, which governs civil actions against officers or employees of the United States acting in their official capacities, venue is generally proper in any judicial district where:

1. **A defendant in the action resides** (for venue purposes, a federal officer is generally considered to reside where the officer performs official duties);
2. **A substantial part of the events or omissions giving rise to the claim occurred**; or

- Defendant is the **Secretary of State in his official capacity.**
- The Secretary's principal office is in **Washington, D.C.**
- The State Department's headquarters and many of the policy decisions are also located in Washington, D.C.
- Plaintiff, George Morakis, is a U.S. Citizen residing in Texas.



**RECEIVED**

JUN 29 2026

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## III. INTRODUCTION

### USCIS

1. Plaintiff is a United States citizen who filed an immigrant visa petition on behalf of his wife, a citizen of The Gambia.
2. USCIS received the Form I-130 petition on **February 16, 2024.**
3. Plaintiff's requests to expedite based on humanitarian/medical reasons, and supported by medical evidence, were denied.
4. USCIS delayed adjudication of Plaintiff's Form I-130 petition well beyond its published processing time. The petition remained pending for approximately twenty-seven months, approximately **sixty percent** longer than the normal processing time for comparable immediate-relative petitions.
5. In explaining the delay, USCIS cited (Exhibit 1), a pause affecting petitions involving beneficiaries from designated "high-risk" countries, including The Gambia, based upon implementation of the same Presidential Proclamation and related executive policies that Plaintiff alleges the Department of State now relies upon in suspending or withholding issuance of his wife's immigrant visa.
6. The USCIS policy was found unlawful under the APA (Dorcas International Institute of Rhode Island, et al. v. U.S. Citizenship and Immigration Services, et al., No. 1:26-cv-00132 (D.R.I. June 5, 2026).
7. After more than twenty-seven months (2.25 years) of processing, and a *mandatory* in-person interview with a U.S. citizen petitioner, USCIS approved the petition on May 19, 2026.
8. USCIS transferred the approved petition to the National Visa Center for immigrant visa processing.

### Expedite and Waiver Request to NVC

9. Plaintiff submitted all required documents to NVC on May 28, 2026.
10. On May 26th, plaintiff submitted a request to expedite processing based on humanitarian/medical/public interest reasons and requested a waiver. (Exhibit 2)
11. Plaintiff requested congressional support for the above requests.
12. On June 12th, 2026 Senator Ted Cruz's office advised plaintiff that the visa issuance pause was in affect and an immigrant visa could not be issued. (Exhibit 3 )
13. The expedited processing was explicitly denied on June 18th, 2026. (Exhibit 4)
14. Plaintiff was advised on June 26th, 2026 by Congressman Brandon Gill's office that plaintiff should consider the June 18th denial to also apply to the waiver request.

### Financial Documentation

15. On June 18th, 2026 NVC implied that Plaintiff's application had been processed except for financial documentation which awaited processing. (Exhibit 4)

16. Plaintiff had provided financial documentation including tax transcripts (Exhibit 5), Letter of employment, W2, paystubs proving adjusted gross income in 2025 at about $250,000. Plaintiff also provided proof of substantial liquid assets on or about $1,750,000.

17. As of June 29th, 2026 the NVC website states that they are processing cases submitted after Plaintiff's. Plaintiff has submitted inquiries regarding the reason for the delay in completing the processing of financial documentation and has not received a response. Plaintiff does not allege the delay is unreasonable.

## Policies Challenged

18. Plaintiff alleges that the Department of State has suspended or paused issuance of immigrant visas to nationals of The Gambia pursuant to the current Presidential Proclamation and related implementation policies.

19. Plaintiff does not challenge the validity of the Presidential Proclamation in its entirety.

20. Plaintiff alleges that Gambia is not a military adversary of the United States nor are Gambia's citizens, in general, a "National Security" threat to the United States.

21. Plaintiff alleges that The Gambia was designated as a country subject to a partial suspension under **Presidential Proclamation 10998, "Restricting and Limiting the Entry of Foreign Nationals to Protect the Security of the United States," issued December 16, 2025, effective January 1, 2026.** The Proclamation states with respect to The Gambia: *"According to the Overstay Report, The Gambia had a B-1/B-2 visa overstay rate of 12.70 percent and an F, M, and J visa overstay rate of 38.79 percent. Additionally, The Gambia has historically refused to accept back its removable nationals."*

22. Plaintiff alleges that these stated concerns arose from temporary nonimmigrant visa categories and historical repatriation practices and bear little relationship to Plaintiff's wife's application for an immigrant visa as the immediate relative of a United States citizen.

23. Plaintiff alleges that The Department of State's February 2, 2026 announcement established a broader **pause in immigrant visa issuance** for nationals of 75 countries. That policy cites concerns that immigrants from certain countries may become *public charges* while the Department reviews screening and vetting policies. Under that guidance: 1. applicants may continue to apply; 2. NVC may continue processing and schedule interviews; but immigrant visa issuance is paused for covered nationals.

24. Plaintiff further alleges that his current annual income, standing alone and without considering the beneficiary's potential future earnings, exceeds $200,000 for a household of two. Plaintiff alleges that this level of income places his household well above the median household income in Dallas, Texas, and the United States, and approximately within the upper 10–15 percent of households by income. Plaintiff further alleges that, even if the Department of State were to adopt additional screening or vetting policies concerning financial self-sufficiency, *no such policies appear to have been publicly announced during the approximately* **six months** *following the implementation of the challenged suspension,* and Plaintiff would likely satisfy any such financial requirements.

**Individual Circumstances**

25. Plaintiff further alleges that his 2025 adjusted gross income (about $250,000) and his wife's nursing credentials make it unlikely that she would become dependent upon public benefits or she will become public charge.

26. Plaintiff seeks an individualized determination as applied to his wife's immigrant visa application and alleges that Defendants have failed to consider the unique facts of this case. Plaintiff alleges that the suspension or pause should not be applied to plaintiff's facts and circumstances.

**Constitutionality**

27. Plaintiff alleges that, as applied to his individual circumstances, Defendants' actions violate the Constitution of the United States, including Plaintiff's liberty interest in marriage, family unity, and procreation, protected by the Due Process Clause of the Fifth Amendment. The actions also deny equal protection as incorporated through the Fifth Amendment by treating similarly situated United States citizen petitioners differently without an adequate individualized basis, and deprive Plaintiff of procedural due process by failing to provide meaningful consideration of his requests for an individualized exception or waiver before effectively denying the benefits sought.

28. Plaintiff alleges that defendant's actions are arbitrary and capricious and violate the law as well plaintiff's constitutional rights.

## IV. FACTUAL BACKGROUND

29. Plaintiff and his wife have remained separated for about two and a half years because of the immigrant visa process.

30. The separation has prevented the couple from seeking fertility treatment and having a child.

31. The separation has exacerbated Plaintiff's depression and has been detrimental to his health.

32. The separation has burdened Plaintiff financially, having to pay for the upkeep of two homes, as well as travel expenses to meet his wife.

33. USCIS approved the immigrant petition, thereby recognizing the bona fide qualifying relationship.

34. Plaintiff has fully cooperated with USCIS and the National Visa Center. Plaintiff submitted all requested documentation and complied with all filing requirements.

35. Plaintiff is financially capable of satisfying the Affidavit of Support requirements.

36. The beneficiary is a trained nurse with marketable professional credentials that are in demand in the United States, and for which the United States issues employment visas.

37. Plaintiff earned about $250,000 in 2025 and remains gainfully employed.

38. Plaintiff alleges there is no individualized evidence that the beneficiary presents a national-security risk.

39. Plaintiff further alleges there is no individualized evidence that the beneficiary would become a public charge.

40. Plaintiff alleges that his income, together with the beneficiary's education, employment prospects, and professional nursing credentials, substantially reduce any possibility that she would become dependent upon public benefits.

41. Plaintiff has requested a waiver and/or discretionary relief from the Department of State.

42. The waiver has not been granted and Plaintiff was advised verbally by a U.S. Congressman Staff member that it would not be granted.

43. Plaintiff was also advised by a U.S. Senator that a visa could not be issued.

44. The "pause" is indefinite and could last for years causing irreparable damages to Plaintiff.

45. Plaintiff seeks only an individualized determination and continued processing of his wife's immigrant visa application.

## V. NATURE OF THE CLAIMS

Plaintiff intends to assert that Defendants' implementation of the current visa suspension, as applied to this case, is unlawful because they have failed to make an individualized determination regarding Plaintiff's approved immediate-relative immigrant visa petition and related processing.

## VI. CLAIMS FOR RELIEF

### Count I – Administrative Procedure Act

Plaintiff alleges that Defendants have unlawfully withheld and unreasonably delayed agency action and have acted in a manner that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

Plaintiff alleges that, despite announcing on February 2, 2026 that immigrant visa issuance was being paused only while the Department conducted a comprehensive review of its screening and vetting policies, Defendant has continued the **suspension for more than six months** without publicly announcing the *completion of that review, adopting revised standards*, or providing any *definite timetable* for resuming immigrant visa issuance. Plaintiff further alleges that the resulting **indefinite** suspension constitutes agency action unlawfully withheld or unreasonably delayed under 5 U.S.C. §§ 555(b) and 706(1), and is arbitrary and capricious under 5 U.S.C. § 706(2)(A).

- **5 U.S.C. § 555(b):** Agencies should conclude matters presented to them "within a reasonable time."
- **5 U.S.C. § 706(1):** A reviewing court shall compel agency action unlawfully withheld or unreasonably delayed.
- **5 U.S.C. § 706(2)(A):** A reviewing court shall hold unlawful and set aside agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

**Telecommunications Research & Action Center v. FCC**, 750 F.2d 70 (D.C. Cir. 1984) ("TRAC"), which sets out six factors used to evaluate claims of unreasonable agency delay.

*Motor Vehicle Manufacturers Ass'n v. State Farm Mutual Automobile Insurance Co.*, 463 U.S. 29, 43 (1983), requiring reasoned decision-making rather than ***unexplained*** agency action.

## Count II – Mandamus

Plaintiff alleges that Defendants have failed to perform a nondiscretionary duty owed to Plaintiff, and seeks mandamus relief to compel performance of that duty.

**28 U.S.C. § 1361** — gives district courts jurisdiction over actions "in the nature of mandamus" to compel a federal officer or employee to perform a duty owed to the plaintiff.

"Congress did not intend visa applications to remain pending indefinitely." **Afghan & Iraqi Allies Under Serious Threat Because of Their Faithful Service to the United States v. Pompeo,** No. 18-cv-01388, 2019 WL 4575565 (D.D.C. Sept. 20, 2019). Defendant's policies are causing Plaintiff's application to remain pending indefinitely.

## Count III – Declaratory Judgment

Plaintiff seeks declaratory relief under 28 U.S.C. §§ 2201–2202. An actual controversy exists between the parties concerning Defendant's legal obligations regarding continued processing, individualized consideration, and application of the challenged immigrant-visa suspension policies to Plaintiff's approved immediate-relative immigrant visa case. Plaintiff seeks a declaration of the parties' rights and obligations, including whether Defendant's continued suspension or refusal to process the immigrant visa application is lawful under the APA, the Mandamus Act, the Fifth Amendment, and applicable immigration laws.

## Count IV – Constitutional Claims

Plaintiff alleges that Defendants' actions, as applied to Plaintiff's circumstances, violate constitutional protections, including the rights asserted in the complaint. Plaintiff alleges that:

- The application of the challenged policy to an approved immediate-relative petition burdens the constitutional interests of a U.S.-citizen spouse; In *Skinner v. Oklahoma ex rel. Williamson,* 316 U.S. 535, 541 (1942) the supreme court held "Marriage and procreation are fundamental to the very existence and survival of the race."
- Marriage and family: Loving v. Virginia, 388 U.S. 1 (1967); Obergefell v. Hodges, 576 U.S. 644 (2015).
- Procreation: Skinner v. Oklahoma, 316 U.S. 535 (1942).
- Fifth Amendment equal protection: Bolling v. Sharpe, 347 U.S. 497 (1954); Adarand Constructors, Inc. v. Peña, 515 U.S. 200 (1995).
- The policy is essentially burdening a U.S. citizen for marrying someone from one of the seventy five countries and preventing him from obtaining essential fertility treatment.
- The implementation distinguishes between similarly situated applicants without adequate justification; and

- The Department failed to provide whatever procedural protections are required in the circumstances.

## VII. REQUEST FOR RELIEF

Plaintiff requests that the Court:

A. Declare the rights of the parties under applicable law.

B. Grant appropriate declaratory relief.

C. Grant appropriate injunctive relief consistent with the Court's authority.

D. Grant appropriate relief under the Administrative Procedure Act, if applicable.

E. Grant appropriate relief under the Mandamus Act, if applicable.

F. Order Defendant to process Plaintiff's case and schedule the first available interview in Dakar or any other consulate where Plaintiff's spouse is eligible to interview.

G. Order Defendant to not apply the visa issuance pause to Plaintiff's application.

H. Order Defendant to show just cause why such visa should not be issued to Plaintiff's wife.

I. Award any other relief the Court deems just and proper.

Respectfully submitted,

*George Morakis*

**George Morakis**
Plaintiff, Pro Se
350 Quorum Drive, Suite 201
Trophy Club, Texas 76262
Email: x6usa@yahoo.com
Phone: 1-203-609-4995

Date: June 29, 2026

## INDEX OF EXHIBITS

EXHIBIT 1

Email from USCIS citing "pause" linked to Presidential Proclamation.

EXHIBIT 2

Request to NVC for Expedited Processing and Waiver based on Humanitarian/Medical/Public Interest consideration and supported by Medical Evidence.

EXHIBIT 3

Email dated June 12th, 2026 from Senator Ted Cruz mentioning the presidential proclamation and "pause" and that a visa cannot be obtained.

EXHIBIT 4

Email dated June 18th, 2025 from Congressman Brandon Gill conveying the message from NVC denying expedited processing and stating Financial Documentation is being reviewed.

EXHIBIT 5

2025 IRS Tax Transcript

## George Morakis | I130 – Notice of Intent to File Writ of Mandamus

From:  CRU (cru@uscis.dhs.gov)

To:     georgemorakis2003@yahoo.com

Date:  Tuesday, February 24, 2026 at 12:37 PM CST

Dear George Morakis:

On behalf of U.S. Citizenship and Immigration Services (USCIS) director, thank you for your letter regarding the status of your Form I-130, Petition for Alien Relative.

The USCIS director referred your letter to the USCIS Contact Center. The case number for your letter is 42092871. As part of our commitment to helping the public, we strive to resolve any problems you may experience when applying for immigration services. We understand your concerns and will give you accurate information and guidance.

We understand that you may be frustrated by the progress of your Form I-130 for receipt number IOE9664306580. However, we must balance individual inconvenience against broader issues of public safety and national security. Please remember case status may be monitored online at Case Status Online - Case Status Search (uscis.gov). After carefully reviewing your letter, we are forwarding it to the appropriate office to address your concerns.

Please note that on December 2, 2025, USCIS issued Policy Memorandum PM-602-0192, Hold and Review of all Pending Asylum Applications and all USCIS Benefit Applications Filed by Aliens from High-Risk Countries, which, among other things, directs the agency to place an adjudicative hold on pending benefit requests filed for aliens from countries listed in Presidential Proclamation (PP) 10949, and PP 10998 regardless of entry date, while a comprehensive national security review is conducted.

This review is an agency-wide operational measure and reflects USCIS's exercise of its authority to investigate immigration benefit requests filed by aliens who may pose risks to the national security and public safety of the United States, as outlined in the Department of Homeland Security (DHS) Delegation of Authority 0150.1, issued June 5, 2003. During the review period, USCIS is conducting individualized, case-by-case security assessments and is requiring additional scrutiny where warranted, including interviews that may not be waived.

 It is important to note that:

- The hold does not constitute a denial or revocation of any benefit.
- Each affected case will receive an individualized review; and
- The hold remains in effect until formally lifted by the USCIS Director through subsequent written direction.

USCIS recognizes that these actions may result in processing delays; however, the agency has determined that such measures are necessary to ensure national security and public safety and to fully comply with governing law.

USCIS will suggest that you seek legal advice, if you find it necessary, visit our webpage USCIS Find Legal Services to get more information.

If you need additional help or filing instructions, please visit USCIS Tools and Resources webpage at www.uscis.gov/tools. You may also create a USCIS online account by visiting the USCIS webpage at https://www.uscis.gov/file-online/how-to-create-a-uscis-online-account where you can file forms online and track your case anytime from anywhere.

Sincerely,

Kimberley Coleman-Bearden, Chief

USCIS Contact Center

\ap


------

Please do not reply directly to this email. This email was sent from a notification-only address that cannot accept incoming email.

ref:_00DG0hO5S._500SJ00000yrGvJ:ref

National Visa Center
U.S. Department of State

**Re: Request for Expedited Processing and Interview Scheduling AND Request for VISA Suspension Exception or Waiver**

**Case Number:** DKR2026643002
**Petitioner:** George Morakis (U.S. Citizen)
**Beneficiary:** Bintou Drammeh Morakis

Dear National Visa Center:

I respectfully request expedited processing of the above-referenced immigrant visa case and scheduling of the beneficiary's immigrant visa interview at the earliest available date.

In addition to requesting expedited processing, the petitioner respectfully requests consideration of any available exception, waiver, national-interest determination, or other discretionary relief that would permit continued processing and issuance of the immigrant visa notwithstanding any current suspension applicable to nationals of The Gambia.

The humanitarian, medical, and public-interest circumstances presented in this request are exceptional. The couple has been separated for more than two years following a bona fide marriage; fertility treatment is time-sensitive and cannot commence until the beneficiary arrives in the United States; the petitioner suffers from documented depression exacerbated by the prolonged separation; and the beneficiary possesses nursing qualifications that align with healthcare workforce needs in Texas and the United States. The requests are based upon compelling humanitarian, medical, and United States public-interest considerations supported by the attached evidence.

# I. Humanitarian Considerations

My wife, Bintou Drammeh Morakis, and I were married in January 2024. Since our marriage, we have remained separated because of the time required for immigration processing. As of the date of this request, we have been involuntarily separated for approximately two years and four months through no fault of our own.

The prolonged separation has imposed significant emotional and personal hardship on our family. In addition, my wife and I are actively attempting to start a family through fertility treatment. I am currently 62 years old, and the opportunity to pursue successful fertility treatment is time-sensitive. Unlike many hardships associated with family separation, the effects of age on fertility are progressive and cannot be recovered once time is lost. Consequently, each additional delay may permanently reduce our chances of having biological children together.

Attached is a letter dated May 2, 2025, from my treating urologist, Dr. Scales, who states:

"Aforementioned patient is under my medical care, and wants to proceed with the TESA procedure. Procedure cannot commence prior to his wife's arrival to the United States for fertility treatment to start. Therefore, patient's wife's arrival is urgent and time sensitive and any delay might reduce their probability of success."

As Dr. Scales explains, the fertility treatment process cannot begin until my wife arrives in the United States. The requested expedite is therefore not based merely upon a desire for family reunification, but upon a medically documented circumstance in which continued delay may materially diminish the likelihood of successful fertility treatment and our ability to have children together.

## II. Medical Considerations

I also suffer from depression, which has been exacerbated by the prolonged separation from my wife.

Attached is a letter dated December 18, 2024, from Connections Wellness Group documenting my condition. In addition, a supporting letter from Mark Michalica explains how the continuing separation from my spouse has contributed to and worsened my depression.

While family separation is a common consequence of immigration processing, the duration of our separation and its documented impact on my mental health have created circumstances that warrant favorable consideration of expedited processing.

## III. United States Public Interest

The beneficiary recently completed a Bachelor of Science in Nursing and is currently pursuing the steps necessary to obtain licensure as a registered nurse in the State of Texas.

The United States continues to face significant healthcare staffing challenges, including shortages of qualified nursing professionals in many communities. Texas, in particular, continues to experience a substantial need for qualified nurses to serve its growing population and healthcare system.

Expedited processing of this case would permit the beneficiary to complete the immigration process and contribute her education, training, and professional skills within the United States healthcare workforce. Her nursing education aligns with a recognized healthcare workforce need in Texas, and her timely admission would enable her to pursue licensure and begin contributing to patient care and public health as soon as practicable.

Supporting educational records are attached. Beneficiary's bachelors of Science in Nursing was awarded on 5/23/26 and she is in the process of obtaining Texas License.

# Conclusion

Taken together, the humanitarian, medical, and public-interest considerations presented here establish compelling grounds for expedited processing. We respectfully request that the National Visa Center expedite review of this case and schedule the immigrant visa interview at the earliest available opportunity.

Our family has already endured more than two years of separation following a bona fide marriage. Further delay threatens our ability to pursue time-sensitive fertility treatment, continues to aggravate documented medical conditions, and postpones the beneficiary's ability to contribute her nursing education and skills to the United States healthcare system. Because the fertility treatment cannot commence until my wife's arrival in the United States and because advancing age may reduce the probability of success, the consequences of continued delay are not merely temporary but may result in the permanent loss of an opportunity to have biological children together.

For these reasons, we respectfully request favorable consideration of this expedite request.

Thank you for your time and consideration.

Respectfully submitted,

*George Morakis*

**George Morakis**
U.S. Citizen Petitioner
Case No. DKR2026643002

Date: May 26th, 2026

# Exhibits

**Exhibit A** – Letter from Dr. Scales dated May 2, 2025 (fertility treatment and age-related reproductive concerns)

**Exhibit B** – Connections Wellness Group letter dated December 18, 2024

**Exhibit C** – Letter from Mark Michalica regarding the impact of prolonged family separation on petitioner's depression

**Exhibit D** – Beneficiary's Nursing School Transcript

**Exhibit E** – Beneficiary's Bachelor of Science in Nursing Degree (Awarded 5/23/26 but will be added as evidence at a later date)

# UrologyClinics
### of North Texas

05/02/2025

George Morakis  01/04/1964

Aforementioned patient is under my medical care, and wants to proceed with the TESA procedure. Procedure can not commence prior to his wife's arrival to the United States for fertility treatment to start. Therefore, patient's wife's arrival is urgent and time sensitive and any delay might reduce their probability of success.

Sincerely,

Joseph A. Scales MD

**CONNECTIONS**
WELLNESS GROUP
A blendedhealth COMPANY

255 W Lebanon Rd Ste # 120&124 Frisco, TX 75036
Phone: 469-430-1930 • Fax: 469-430-0633

To whom it may concern,

George Morakis (DOB: 01/04/1984) attended our Trauma PHP group from 05/22/2024 to 06/28/2024. While in the group, he was being seen to help process his unresolved trauma as well as treating his anxiety and depression. If any additional information is required, please reach out to Connections Wellness Group in Frisco at (469) 430-1930 or you can fax any additional requests to (469) 430-1930.

Thank you,

Connections Wellness Group Administration

12/18/2024

Connecting people to what matters in mental health.

Mark Michalica, LPC
215 E. University Dr.
Denton, TX. 76209
mark@nat-you.com
940-484-6275

To whom it may concern,

I see clients from different walks of life; with trauma, Depression, Anxiety, relationship issues, and other concerns pertaining to their mental, emotional and physical health. I have been in the health field for over 20 years, and a Counselor for over 10.

George Morakis first came to see me in the summer of 2024. At the time George was coping with Depression and Anxiety and working through issues from past trauma. We continue to work on this using various tools, however, there continue to be factors in his life that add to his overall stress and burden.

George married his second wife in January of 2024, and they have lived separately ever since. She resides outside of the country and is waiting for an immigration visa. I feel strongly on a personal and professional level that it is important for George and his wife to be together, and that their separation is, and continues to be detrimental to his mental well-being.

I am available for any further questions or correspondence through email or by phone.

Sincerely,

Mark Michalica, LPC



# American International University

## WEST AFRICA

89, Kairaba Avenue, KSMD, P.O.Box 3505, Banjul, The Gambia

**Student Name:** Bintou Drammeh
**Date of Birth:** 28th December 2001

**Student ID:** 0412224692
**Program:** BSN

| Course | Course ID | Title | Credit Hours Assigned | Credit Hours Earned | Grades | Grades Points |
|--------|-----------|-------|-----------------------|---------------------|--------|---------------|
| :****** ACADEMIC TRANSCRIPT******** | | | | | | |
| PRE 101 | 092212 | Communication Skills I | 3.0 | - | - | - |
| PRE 102 | 092213 | French I | 3.0 | 3.0 | B | 9.00 |
| PRE 105 | 092217 | General Biology | 3.0 | 3.0 | B+ | 9.99 |
| NUR 101 | 092218 | Fundamental of Nursing | 3.0 | 3.0 | B | 9.00 |
| CST 101 | 092219 | Introduction to Computers & Information System | 3.0 | 3.0 | D+ | 3.99 |
| PRE 103 | 092220 | General Psychology | 3.0 | 3.0 | C | 6.00 |
| PRE 106 | 092251 | General Chemistry I (Inorganic) | 3.0 | 3.0 | B+ | 9.99 |
| TRIMESTER TOTAL | | GPA: 2.67 | 21.0 | 18.0 | - | 47.97 |

LEGEND:
A+ = 4.0 GPA (94-100)
A = 3.67 GPA (90-93)
B+ = 3.34 GPA (85-89)
B = 3.00 GPA (80-84)
C+ = 2.50 GPA (75-79)
C = 2.00 GPA (70-74)
D+ = 1.50 GPA (65-69)
D = 1.00 GPA (60-64)
I = INCOMPLETE
W = WITHDRAW
F = FAIL

The Office of U.S. Senator Ted Cruz (Intranet Quorum IMA00244980)

From:  Office of Senator Ted Cruz(imailagent) (constituentservices@cruz.senate.gov)

To:    georgemorakis2003@yahoo.com

Date:  Friday, June 12, 2026 at 09:16 AM CDT

Dear Mr. Morakis,

Thank you for contacting the Office of U.S. Senator Ted Cruz requesting assistance. We appreciate you bringing this matter to our attention.

Effective January 1, 2026, in line with the Presidential Proclamation 10998, Restrictions Limiting the Entry of Foreign Nationals to protect the security of the United States.  Applicants who are subject to this Presidential Proclamation may still submit visa applications and attend scheduled interviews, but they may be ineligible for visa issuance or admission to the United States.  Elected Officials and their staff do not have the authority to influence or override this decision. However, we will continue to advocate for all constituents with the U.S. Department of State/USCIS to process visa requests in a more timely and effective manner that allows for travel accessibility.

The Department of State issued this  information regarding the suspension. You can find the full text of the Proclamation  here .

The U.S. Citizenship & Immigration and the U.S. Department of State has currently placed a pause on visas from several potential high-risk countries.

As of May 3, 2026, the Department of Homeland Security (DHS) and U.S. Citizenship and Immigration Services (USCIS) have  exempted foreign-trained physicians from the  processing freeze on visas related to the 39-country travel ban.

Our office does not have jurisdiction to override an Executive Order that may apply to an individual. Unfortunately, the reply is not more favorable, but we hope the information is helpful to you.

Respectfully,

Eddie Gonzales
Constituent Services Liaison
Office of U.S. Senator Ted Cruz



IQFormatFile.txt
262 B

## Response from Rep. Brandon Gill

From:  Congressman Brandon Gill (repbrandongill@mail15.housecommunications.gov)

To:    georgemorakis2003@yahoo.com

Date:  Thursday, June 18, 2026 at 08:49 AM CDT



## BRANDON GILL
### Representing the 26th District of Texas

Dear Mr. Morakis,

Please see the below email that I received in response to my inquiry on your behalf with the Department of State (State).

State officials have assured me that your case has received a thorough review.  Hopefully, the information provided in this response will clarify your concerns and will be helpful to you in understanding the guidelines this agency must follow.

However, if you do not receive correspondence or a decision by December 18, 2026, please contact Grace Moura of my staff, and I will be happy to follow up with the

appropriate officials.  Should you have any questions about this response or if I can ever be of assistance to you with another matter that involves a federal agency, I hope you will contact me. If the House is in session or if I am unavailable when you call, please ask to speak with Grace, and she will make sure that I am aware of your concern.

Lastly, to serve constituents better in the future, I would like your feedback about the service you received. Please take a few minutes to complete the following survey: https://gill.house.gov/services/constituent-casework-survey.

Again, thank you for allowing me this opportunity to be of service to you and for the privilege of being your Representative in Congress.

"This is a response to your expedite request for the immigrant visa petition filed by George Morakis on behalf of Bintou Drammeh-Morakis with assigned case number DKR2026643002.

The Department of State reviewed this request and determined that it does not meet the criteria for expedited processing.

The NVC schedules immigrant visa interviews in the order that cases complete the documentation process.

According to Department of State records, civil and financial documentation for this case was submitted through the Consular Electronic Application Center (CEAC) on 28-MAY-2026. The DS-260 and submitted civil documents have been reviewed. The financial documents are currently in the review queue and are awaiting review by the appropriate department.

Document review processing dates are updated on the website: https://nvc.state.gov/timeframes.

When NVC completes our review of your constituent's documents, we will notify all case parties of any additional information requirements.

After the NVC receives all the required forms and documents, and if a visa number is available, we will schedule an immigrant visa appointment for Bintou Drammeh-Morakis and forward their petition to the U.S. Embassy in Dakar, Senegal. Appointment availability depends on the capacity of the U.S. Embassy.

The U.S. Embassy provides the NVC with a list of available appointment dates and times. The NVC will schedule the case for an interview appointment when an open appointment date is available. The NVC schedules appointments on a first-in, first-out basis. After the interview appointment date is scheduled by the NVC, we will forward this case to the U.S. Embassy.

Please let me know if I may be of further assistance to your office or constituent.

Customer Service Analyst
U.S. Department of State
Bureau of Consular Affairs
National Visa Center"

Sincerely,

Rep. Brandon Gill
Member of Congress

Sign up for my newsletter to get updates on this issue and others!

SIGN UP

---

## Contact Me

**Washington D.C. Office**
1305 Longworth House Office Building
Washington, DC 20515

**Denton County District Office**
600 Parker Square
Suite 205
Flower Mound, TX 75028



[ZPL4Y1-JJ15P]

 Internal Revenue Service
United States Department of the Treasury

This Product Contains Sensitive Taxpayer Data

# Form 1040 Tax Return Transcript

| | |
|---|---|
| Request Date: | 05-22-2026 |
| Response Date: | 05-22-2026 |
| Tracking Number: | 110491438751 |

| | |
|---|---|
| SSN provided: | XXX-XX-7374 |
| Report for Tax Period Ending: | 12-31-2025 |

**The following items reflect the amount as shown on the return, and the amount as adjusted, if applicable. They do not show subsequent activity on the account.**

| | |
|---|---|
| SSN: | XXX-XX-7374 |
| Spouse SSN: | |

GEOR MORA & B DRAM MORA
350 QU

| | |
|---|---|
| Main Home In US: | Not checked |
| Filing status: | Married Taxpayer Filing Joint Return |
| Form number: | 1040 |
| Cycle posted: | 20261805 |
| Received date: | 03-09-2026 |
| Payment: | $0.00 |
| Exemption number: | 01 |
| Other dependent credit total eligible per computer: | 0 |
| Other dependent credit total eligible verified: | 0 |
| More Than 4 Dependents: | No |
| Relationship: | No relationship indicated, or determination cannot be made |
| Lived With You More Than Half Of Year: | |
| Student/Disabled: | |
| Relationship: | No relationship indicated, or determination cannot be made |
| Lived With You More Than Half Of Year: | |
| Student/Disabled: | |
| Relationship: | No relationship indicated, or determination cannot be made |
| Lived With You More Than Half Of Year: | |
| Student/Disabled: | |
| Relationship: | No relationship indicated, or determination cannot be made |
| Lived With You More Than Half Of Year: | |
| Student/Disabled: | |
| Married Filing Separately or Head of Household Lived Apart Indicator: | |
| PTIN: | |
| Preparer EIN: | |

## Income

| | |
|---|---|
| Total wages: | $236,914.00 |
| Form W-2 wages: | $236,914.00 |
| Taxable interest income (Schedule B): | $18.00 |
| Tax-exempt interest: | $2,872.00 |
| Ordinary dividend income (Schedule B): | $15,974.00 |
| Qualified dividends: | $12,933.00 |

| | |
|---|---:|
| Refunds of state/local taxes: | $0.00 |
| Alimony received: | $0.00 |
| Business income or loss (Schedule C): | $0.00 |
| Business income or loss (Schedule C) per computer: | $0.00 |
| Capital gain or loss (Schedule D): | -$3,000.00 |
| Capital gains or loss (Schedule D) per computer: | -$3,000.00 |
| Other gains or losses (Form 4797): | $0.00 |
| Total IRA distributions: | $0.00 |
| Taxable IRA distributions: | $0.00 |
| Total pensions and annuities: | $48,988.00 |
| Taxable pension/annuity amount: | $0.00 |
| Additional income: | $0.00 |
| Additional income per computer: | $0.00 |
| Refundable credits per computer: | $4,340.00 |
| Refundable education credit per computer: | $0.00 |
| Qualified business income deduction: | $45.00 |
| Rent/royalty/partnership/estate (Schedule E): | $0.00 |
| Rent/royalty/partnership/estate (Schedule E) per computer: | $0.00 |
| Rent/royalty income/loss per computer: | $0.00 |
| Estate/trust income/loss per computer: | $0.00 |
| Partnership/S-Corp income/loss per computer: | $0.00 |
| Farm income or loss (Schedule F): | $0.00 |
| Farm income or loss (Schedule F) per computer: | $0.00 |
| Unemployment compensation: | $0.00 |
| Total Social Security benefits: | $0.00 |
| Taxable Social Security benefits: | $0.00 |
| Taxable Social Security benefits per computer: | $0.00 |
| Other income: | $0.00 |
| Schedule EIC Self-employment income per computer: | $0.00 |
| Schedule EIC earned income per computer: | $236,914.00 |
| Schedule EIC disqualified income per computer: | $0.00 |
| Advanced Child Tax Credit Opt Out: | No |
| Form 1099-K: | $0.00 |
| Additional child tax credit earned income: | $0.00 |
| Qualified business income deduction: | $0.00 |
| Form 8995 qualified business income deduction computer: | $45.00 |
| Form 8995 net capital gains computer: | $0.00 |
| Scholarship/Fellowship grant: | $0.00 |
| Total income: | $249,906.00 |
| Total income per computer: | $249,906.00 |

## Adjustments to Income

| | |
|---|---:|
| Educator expenses: | $0.00 |
| Educator expenses per computer: | $0.00 |
| Reservist and other business expense: | $0.00 |
| Health Savings Account deduction: | $0.00 |
| Health Savings Account deduction per computer: | $0.00 |
| Moving expenses (Form 3903): | $0.00 |
| Self-employment tax deduction: | $0.00 |
| Self-employment tax deduction per computer: | $0.00 |
| Self-employment tax deduction verified: | $0.00 |
| Keogh/SEP contribution deduction: | $0.00 |
| Self-employment health insurance deduction: | $0.00 |
| Early withdrawal of savings penalty: | $0.00 |
| Alimony paid SSN: | |
| Alimony paid: | $0.00 |
| Repayment clean vehicle credit: | $0.00 |
| IRA deduction: | $0.00 |
| IRA deduction per computer: | $0.00 |
| Student loan interest deduction: | $0.00 |
| Student loan interest deduction per computer: | $0.00 |
| Student loan interest deduction verified: | $0.00 |
| Total Qualified Tips: | $0.00 |
| Deduction for Qualified Tips: | $0.00 |

```
Deduction for Qualified Tips Computer:                              $0.00
Total Qualified Overtime Income:                                   $0.00
Deduction for Qualified Overtime:                                 $0.00
Deduction for Qualified Overtime Computer:                       $0.00
Total Car Loan Interest Paid:                                     $0.00
Car Loan Interest Deduction:                                      $0.00
Car Loan Interest Deduction Computer:                            $0.00
Deduction for Seniors:                                            $0.00
Deduction for Seniors Computer:                                   $0.00
State And Local Tax Computer:                                     $0.00
Total other payment refundable credit per computer:             $0.00
Total other payment refund verified:                             $0.00
Other adjustments:                                               $0.00
Archer MSA deduction:                                            $0.00
Archer MSA deduction per computer:                               $0.00
Total adjustments:                                               $0.00
Total adjustments per computer:                                  $0.00
Adjusted gross income:                                      $249,906.00
Adjusted gross income per computer:                         $249,906.00
```

## Tax and Credits

```
65 or over:                                                        No
Blind:                                                             No
Spouse 65 or over:                                                 No
Spouse blind:                                                      No
Standard deduction per computer:                            $31,500.00
Additional standard deduction per computer:                      $0.00
Tax table income per computer:                             $218,406.00
Exemption amount per computer:                                   $0.00
Taxable income:                                            $218,361.00
Taxable income per computer:                               $218,361.00
Total positive income per computer:                        $295,608.00
Tentative tax:                                              $36,962.00
Tentative tax per computer:                                 $36,962.00
Form 8814 additional tax amount:                                 $0.00
Tax on income less Social Security income per computer:         $0.00
Form 6251 alternative minimum tax:                               $0.00
Form 6251 alternative minimum tax per computer:                 $0.00
Foreign tax credit:                                            $436.00
Foreign tax credit per computer:                               $436.00
Foreign income exclusion per computer:                           $0.00
Foreign income exclusion tax per computer:                       $0.00
Excess advance premium tax credit repayment amount:             $0.00
Excess advance premium tax credit repayment verified
  amount:                                                        $0.00
Child & dependent care credit:                                   $0.00
Child & dependent care credit per computer:                      $0.00
Credit for elderly and disabled:                                 $0.00
Credit for elderly and disabled per computer:                    $0.00
Education credit:                                                $0.00
Education credit per computer:                                   $0.00
Gross education credit per computer:                            $0.00
Retirement savings contribution credit:                         $0.00
Retirement savings contribution credit per computer:            $0.00
Total retirement savings contribution (Form 8880
  computer):                                                     $0.00
Residential clean energy credit:                                $0.00
Residential clean energy credit per computer:                   $0.00
Child and other dependent credit:                               $0.00
Child and other dependent credit per computer:                  $0.00
Adoption credit (Form 8839):                                    $0.00
Adoption credit per computer:                                   $0.00
Form 8396 mortgage certificate credit:                          $0.00
Form 8396 mortgage certificate credit per computer:             $0.00
Total other non-refundable credit:                              $0.00
```

| | |
|---|---|
| Form 3800 general business credits: | $0.00 |
| Form 3800 general business credits per computer: | $0.00 |
| Prior year minimum tax credit (Form 8801): | $0.00 |
| Prior year minimum tax credit (Form 8801) per computer: | $0.00 |
| Earlier year income repayment credit: | $0.00 |
| Clean vehicle credit: | $0.00 |
| Clean vehicle credit per computer: | $0.00 |
| Credit Limit Worksheet B Per Computer: | $0.00 |
| Refundable Adoption Credit: | $0.00 |
| Refundable Adoption Credit Verified Amount: | $0.00 |
| Refundable Adoption Credit Computer: | $0.00 |
| Net elective payment election per computer: | $0.00 |
| Repayment pre-owned clean vehicle credit: | $0.00 |
| Form 4255 Chapter 1 tax: | $0.00 |
| Other additions to tax: | $0.00 |
| Schedule 2 part 2 Form 4255 recapture: | $0.00 |
| Energy efficient home credit verified: | $0.00 |
| Residential clean energy verified: | $0.00 |
| Exterior Doors Credit per Computer: | $0.00 |
| Exterior Windows Credit per Computer: | $0.00 |
| Central AC Credit per Computer: | $0.00 |
| Water Heater Credit per Computer: | $0.00 |
| Furnace or Boiler Credit per Computer: | $0.00 |
| Panelboard Circuit Credit per Computer: | $0.00 |
| Stove or Boiler Credit per Computer: | $0.00 |
| Other credits: | $0.00 |
| Total credits: | $436.00 |
| Total credits per computer: | $436.00 |
| Income tax after credits per computer: | $36,526.00 |
| Advanced manufacturing credit per computer: | $0.00 |
| Advanced manufacturing invest credit per computer: | $0.00 |
| Clean hydrogen production credit per computer: | $0.00 |
| Carbon oxide sequestration credit per computer: | $0.00 |
| Energy efficient home credit per computer: | $0.00 |
| Energy efficient home credit: | $0.00 |
| Pre-owned clean vehicle credit per computer: | $0.00 |
| Pre-owned clean vehicle credit: | $0.00 |
| Pre-owned clean vehicle verified: | $0.00 |
| New clean vehicle bus credit per computer: | $0.00 |
| New clean vehicle bus verified: | $0.00 |
| Commercial clean vehicle credit per computer: | $0.00 |
| Commercial clean vehicle verified: | $0.00 |
| Clean vehicle credit verified: | $0.00 |

## Other Taxes

| | |
|---|---|
| Self employment tax: | $0.00 |
| Self employment tax per computer: | $0.00 |
| Social Security and Medicare tax on unreported tips: | $0.00 |
| Social Security and Medicare tax on unreported tips per computer: | $0.00 |
| Tax on qualified plans Form 5329 (PR): | $0.00 |
| Tax on qualified plans Form 5329 per computer: | $0.00 |
| Individual Retirement Account File (IRAF) tax per computer: | $0.00 |
| Taxpayer tax figures (reduced by IRAF) per computer: | $36,613.00 |
| Individual Master File (IMF) total tax (reduced by IRAF) per computer: | $36,613.00 |
| Total other taxes per computer: | $87.00 |
| Unpaid Federal Insurance Contributions Act (FICA) on reported tips: | $0.00 |
| Form 8959 additional Medicare tax: | $87.00 |
| Form 8960 net investment income tax: | $0.00 |
| Interest on deferred tax: | $0.00 |
| Total other taxes: | $87.00 |
| Recapture tax (Form 8611): | $0.00 |

```
Household employment taxes:                                          $0.00
Household employment taxes per computer:                             $0.00
Interest due on installment:                                         $0.00
Schedule 2 Part 1 Form 4255 recapture:                               $0.00
Form 4255 excessive payments:                                        $0.00
Net elective payment election:                                       $0.00
Excess Social Security tax withheld verified:                   $4,340.00
Excess Social Security tax withheld per computer:               $4,340.00
Total additional taxes:                                              $0.00
Total assessment per computer:                                 $36,613.00
Total tax liability taxpayer figures:                          $36,613.00
Total tax liability taxpayer figures per computer:             $36,613.00
```

## Payments

```
Federal income tax withheld:                                   $39,200.00
Prior year advanced credit:                                          $0.00
Estimated tax payments:                                         $5,428.00
Other payment credit:                                                $0.00
Refundable education credit:                                         $0.00
Refundable education credit per computer:                            $0.00
Refundable education credit verified:                                $0.00
Refundable credits:                                             $4,340.00
Earned income credit:                                                $0.00
Earned income credit per computer:                                   $0.00
Nontaxable combat pay:                                               $0.00
Excess Social Security & Railroad Retirement Tax Act
  (RRTA) tax withheld:                                          $4,340.00
Schedule 8812 additional child tax credit:                          $0.00
Schedule 8812 additional child tax credit per computer:             $0.00
Schedule 8812 additional child tax credit verified:                 $0.00
Amount paid with Form 4868:                                         $0.00
Form 2439 regulated investment company credit:                      $0.00
Form 4136 credit for federal tax on fuels:                          $0.00
Form 4136 credit for federal tax on fuels per computer:             $0.00
Section 965 tax installment:                                        $0.00
Section 965 tax liability:                                          $0.00
Premium tax credit amount:                                          $0.00
Premium tax credit verified amount:                                 $0.00
Primary NAP first time home buyer installment amount:               $0.00
Secondary NAP first time home buyer installment amount:             $0.00
First time homebuyer credit repayment amount:                       $0.00
Form 5405 total homebuyers credit repayment per computer:           $0.00
Small employer health insurance per computer:                       $0.00
Small employer health insurance per computer (2):                   $0.00
Total other payments refundable:                                    $0.00
Total payments:                                                $48,968.00
Total payments per computer:                                   $48,968.00
```

## Refund or Amount Owed

```
Refund amount:                                                -$12,355.00
Estimated tax credit applied to next year:                          $0.00
Estimated tax penalty:                                              $0.00
Tax on income less state refund per computer:                       $0.00
Balance due/overpayment using taxpayer figure per
  computer:                                                   -$12,355.00
Balance due/overpayment using computer figures:              -$12,355.00
Form 8888 total refund per computer:                                $0.00
```

## Third Party Designee

```
Third party designee ID number:
```

Authorization indicator:                                                No
Third party designee name:

## Interest and Dividends

Gross Schedule B interest:                                        $18.00
Taxable interest income:                                          $18.00
Excludable savings from bond interest:                            $0.00
Gross Schedule B dividends:                                   $15,974.00
Dividend income:                                             $15,974.00
Foreign accounts indicator:                                          No
Required to file Financial Crimes Enforcement Network
  (FinCEN) Form 114:

## Schedule C - Profit or Loss From Business (Occurrence #: 1)

Social Security Number:                                      XXX-XX-7374
Employer ID number:                                          XX-XXX6107
Business name:                                                MORA IMMI
Description of business/profession:
North American Industry Classification System (NAICS)
  code:                                                          541100
Account method:                                                    Cash
Materially Participate:                                               N
First time Schedule C filed:                                         No
Statutory employee indicator:                                        No

### Income

Gross receipts or sales:                                       $4,200.00
Returns and allowances:                                           $0.00
Net gross receipts:                                           $4,200.00
Cost of goods sold:                                              $0.00
Schedule C Form 1099 required:                                       No
Schedule C Form 1099 filed:                                          No
Other income:                                                    $0.00

### Expenses

Car and truck expenses:                                         $370.00
Depreciation:                                                    $0.00
Insurance (other than health):                                   $0.00
Mortgage interest:                                               $0.00
Legal and professional services:                               $533.00
Repairs and maintenance:                                         $0.00
Travel:                                                          $0.00
Meals and entertainment:                                         $0.00
Wages:                                                           $0.00
Other expenses:                                                  $0.00
Total expenses:                                               $3,168.00
Expense for business use of home:                            $1,032.00
Schedule C net profit or loss per computer:                     $0.00
At risk CD:
Office expense amount:                                        $1,324.00
Utilities expense amount:                                      $621.00
Energy efficient building deduction:                            $0.00

### Cost of Goods Sold

Inventory at beginning of year:                                 $0.00
Inventory at end of year:                                       $0.00

## Schedule D - Capital Gains and Losses

### Short Term Capital Gains and Losses

```
Short term basis no adjustments sale amount:                    $0.00
Short term basis no adjustments cost amount:                    $0.00
Short term basis sale amount:                                   $0.00
Short term basis cost amount:                                   $0.00
Short term basis adjustments:                                   $0.00
Short term no basis sale amount:                                $0.00
Short term no basis cost amount:                                $0.00
Short term no basis adjustments:                                $0.00
Short term no 1099-B sale amount:                               $0.00
Short term no 1099-B cost amount:                               $0.00
Short term no 1099-B adjustments:                               $0.00
Short term Schedule K-1 amount:                                 $0.00
Net short-term gain/loss:                                 -$63,116.00
Form 8949 Y qualified opportunity funds short term
  investments:                                                    No
Form 8949 Y qualified opportunity funds short term EIN:
Form 8949 Y qualified opportunity funds short term sold
  date:                                                    00-00-0000
Form 8949 Y qualified opportunity funds short term
  deferred:                                                     $0.00
Form 8949 Z qualified opportunity funds short term
  adjustments:                                                  $0.00
Form 8949 Z qualified opportunity funds short term
  investments:                                                    No
Form 8949 Z qualified opportunity funds short term EIN:
Form 8949 Z qualified opportunity funds short term
  acquired date:                                           00-00-0000
```

**Long Term Capital Gains and Losses**

```
Long term basis no adjustments sale amount:                     $0.00
Long term basis no adjustments cost amount:                     $0.00
Long term basis sale amount:                                    $0.00
Long term basis cost amount:                                    $0.00
Long term basis adjustments:                                    $0.00
Long term no basis sale amount:                                 $0.00
Long term no basis cost amount:                                 $0.00
Long term no basis adjustments:                                 $0.00
Long term no 1099-B sale amount:                                $0.00
Long term no 1099-B cost amount:                                $0.00
Long term no 1099-B adjustments:                                $0.00
Long term schedule K-1 amount:                                  $0.00
Capital gain distributions (PR):                                $0.00
Net long-term gain/loss:                                   $42,702.00
Form 8949 Y qualified opportunity funds long term
  investments:                                                    No
Form 8949 Y qualified opportunity funds long term EIN:
Form 8949 Y qualified opportunity funds long term sold
  date:                                                    00-00-0000
Form 8949 Y qualified opportunity funds long term
  deferred:                                                     $0.00
Qualified opportunity funds disposal:                 No box checked
Form 8949 Z qualified opportunity funds long term
  investments:                                                    No
Form 8949 Z qualified opportunity funds long term EIN:
Form 8949 Z qualified opportunity funds long term
  acquired date:                                           00-00-0000
Form 8949 Z qualified opportunity funds long term
  adjustments:                                                  $0.00
```

**Tax Computation Using Maximum Capital Gains Rates**

```
28% rate gain:                                                  $0.00
Unrecaptured section (1250 gain):                               $0.00
Schedule D 15% tax computer:                                $1,939.95
Capital gains less invest income per computer:                  $0.00
Capital gains per computer:                                 $12,933.00
Capital gains tax per computer:                            $35,022.16
Capital gains per computer:                                     $0.00
25% rate capital gains tax per computer:                        $0.00
```

```
28% rate capital gains tax per computer:                        $0.00
Schedule D tax per computer:                               $36,962.11
```

## Schedule E--Supplemental Income and Loss

### Income or Loss From Rental Real Estate and Royalties

```
Schedule E Form 1099 required:                        No box checked
Schedule E Form 1099 filed:                      Neither box checked
Total rents received:                                      $12,600.00
Total royalties received:                                       $0.00
Total mortgage interest all properties:                     $4,192.00
Total depreciation or depletion for all properties:             $0.00
Total expenses for all properties:                         $17,263.00
Total rental real estate and royalty income or loss:            $0.00
Rent & royalty income:                                          $0.00
Rent & royalty losses:                                          $0.00
Repairs expense Column A:                                   $3,570.00
Repairs expense Column B:                                       $0.00
Repairs expense Column C:                                       $0.00
```

### Income or Loss From Partnerships and S-Corps

```
Partnership/Corporation passive income:                         $0.00
Partnership/Corporation nonpassive income:                      $0.00
Partnership/Corporation passive loss:                           $0.00
Partnership/Corporation nonpassive loss:                        $0.00
Partnership income:                                             $0.00
Partnership loss:                                               $0.00
```

### Income or Loss From Estate and Trusts

```
Estate/trust passive income:                                    $0.00
Estate/trust passive loss:                                      $0.00
Estate and trust income:                                        $0.00
Estate and trust loss:                                          $0.00
Passive loss not reported on Form 8582:                            No
Schedule K-1 estate payment indicator:                             No
```

### Income or Loss From Real Estate Mortgage Investment Conduits

```
Real estate mortgage income/loss:                               $0.00
```

### Summary

```
Net farm rent income/loss:                                      $0.00
Gross farming & fishing income:                                 $0.00
```

## Form 8889 - Health Savings Account (Occurrence #: 1)

```
High deductible health plan indicator:                         Family
Health Savings Account (HSA) contributions:                     $0.00
HSA limited annual deduction:                               $8,550.00
Total Archer MSA contributions:                                 $0.00
HSA limited deductible allowed:                             $8,550.00
Half HSA limited deductible allowed:                        $8,550.00
Additional HSA contributions amount:                        $1,000.00
Gross HSA contributions limit:                              $9,550.00
Employer HSA contributions:                                 $9,550.00
Qualified HSA funding distribution:                             $0.00
Total qualified HSA funding distribution:                   $9,550.00
HSA contributions limit amount:                                 $0.00
HSA deduction amount:                                           $0.00
HSA deduction amount computer:                                  $0.00
Total HSA distributions:                                    $1,455.00
HSA distribution rollover amount:                               $0.00
Net HSA distributions amount:                               $1,455.00
Unreimbursed qualified medical expenses:                    $1,455.00
```

```
Taxable HSA distributions:                                              $0.00
Exceptions to additional tax indicator:                                   No
Additional tax:                                                        $0.00
Additional 10% tax computer:                                           $0.00
Part-year coverage amount:                                             $0.00
Qualified HSA funding distribution:                                    $0.00
Total income:                                                          $0.00
Additional HSA tax amount:                                             $0.00
```

## Form 8889 - Health Savings Account (Occurrence #: 2)

```
HSA deduction amount computer:                                         $0.00
Additional 10% tax computer:                                           $0.00
```

## Form 8959 - Additional Medicare Tax

```
Medicare wages:                                                  $259,612.00
Unreported tips:                                                       $0.00
Wages from Form 8919:                                                  $0.00
Additional Medicare Tax on Medicare wages:                            $87.00
Additional Medicare Tax on Medicare wages per computer:               $87.00
Self employment income:                                               $0.00
Additional Medicare Tax on self-employment income:                    $0.00
Additional Medicare Tax on self-employment income per
  computer:                                                           $0.00
Railroad retirement compensation:                                     $0.00
Tier I employee Additional Medicare Tax on railroad
  compensation:                                                       $0.00
Tier I employee Additional Medicare Tax on railroad
  compensation per computer:                                          $0.00
Medicare Tax withheld W-2 box 6:                                   $3,764.00
Additional Medicare Tax W-2 box 14:                                   $0.00
Total Additional Medicare Tax:                                        $87.00
Total Additional Medicare Tax withholding:                            $0.00
Total Additional Medicare Tax withholding verified:                   $0.00
Total Additional Medicare Tax withholding per computer:               $0.00
```

## Form 8995 - A/8995 Qualified Business Income Deduction

```
Qualified business income component:                                  $0.00
Real Estate Investment Trust (REIT) and Publicly Traded
  Partnership (PTP) component:                                       $45.00
Form 8995 net capital gains:                                      $12,933.00
Form 8995 domestic production deduction:                              $0.00
Qualified business net loss carryforward:                            $0.00
Qualified REIT dividends and PTP loss carryforward:                  $0.00
Total qualified business loss carryforward:                          $0.00
Total REIT dividends loss carryforward:                              $0.00
Total qualified business income or loss:                             $0.00
Qualified REIT dividends and PTP income or loss:                   $224.00
```

```
This Product Contains Sensitive Taxpayer Data
```